**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

EFUA BENN,

Plaintiff,

v.

APPLEBEE'S GRILL & BAR, APPLE FOOD
SERVICE OF NEW YORK LLC, NADIR
UZZMAN, and TAHMEENA KHAN,

Defendants.

Case No.: 1:26-cv-5481

**COMPLAINT WITH**
**DEMAND FOR JURY TRIAL**

Plaintiff Efua Benn (hereinafter the "Plaintiff"), by and through her attorneys, Sage Legal LLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Applebee's Grill & Bar (hereinafter "Applebee's), Apple Food Service of New York LLC (hereinafter "AFS") (Applebee's and AFS collectively hereinafter the "Defendants"), Nadir Uzzman (hereinafter "Uzzman") and Tahmeena Khan (hereinafter "Khan") (Uzzman and Khan collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter referred to as the "Defendants") and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this case against Defendants for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL").

2.      Upon information and belief, Defendants discriminated against Plaintiff by reason of her national original, race, and color.

3.    Plaintiff has therefore commenced this action to seek damages for discrimination on the basis of her race, national origin, and color, plus interest (pre-judgment and post-judgment), emotional distress damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because a federal question exists concerning Plaintiff's Title VII claim.

5.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the NYSHRL and NYCHRL claims arise out of the same common nucleus of operative facts as the Title VII claim.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in New York, New York.

## PARTIES

6.    Plaintiff is an adult individual who is a citizen of the State of New York residing in Queens County.

7.    Plaintiff was born in the country of Ghana and identifies as African American and Black.

8.    Plaintiff was employed by the Defendant in the State of New York since November 17, 2023.

9.    Applebee's is a business entity organized under the laws of New York with a primary office located at 205 West 50th Street, New York, NY 10019-6996.

10.    Similarly, AFS is a business entity organized under the laws of New York with a primary office located at 7 Pearl Court, Allendale, NJ 07401.

2

11. Uzzman and Khan are managers exercising sufficient control over the business of the Corporate Defendants.

12. Upon information and belief, Uzzman and Khan are citizens of and reside in the State of New York.

13. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

## PROCEDURAL BACKGROUND

10. Plaintiff exhausted her administrative remedies at the United States Equal Employment Opportunity Commission (the "EEOC").

11. The EEOC issued Plaintiff a Notice of Right to Sue (the "Notice") as against each Corporate Defendant, which Plaintiff received on April 9, 2026.

12. A true and correct copy of the Notices are attached as **Exhibit A**.

13. This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the Notice.

## STATEMENT OF FACTS

13. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants discriminated against the Plaintiff on the basis of her national origin, race, and color.

14. Plaintiff was hired by Defendants in or around November 17, 2023 as a server, which includes serving customers and waiting tables.

15. Plaintiff brought an impressive background and exceptional skills to the organization, contributing meaningfully to its overall operations.

16.    Plaintiff did not have any performance issues; however, over time, Khan became overly critical of Plaintiff's performance.

17.    Prior to Khan, none of Plaintiff's previous supervisors criticized her performance.

18.    Although nothing had changed about Plaintiff's performance, Khan regularly found fault in Plaintiff's work

19.    Over time, Khan began to treat Plaintiff in a hostile and discriminatory manner while Applebee's turned a blind eye to Khan's unlawful conduct.

20.    Specifically, Khan held Plaintiff to a higher standard than her counterparts who were not from Ghana, African American, or Black.

21.    Khan would refuse to greet Plaintiff when she would say hello, but would greet other colleagues of Plaintiff who are not from Ghana, African American, or Black.

22.    In addition, Khan routinely denied Plaintiff shifts, causing her pay to be significantly reduced, while other colleagues of Plaintiff who are not from Ghana, African American, or Black were not treated in this manner.

23.    Moreover, Khan created a hostile work environment by regularly making inappropriate comments to Plaintiff and other employees about her national origin, race, and/or color.

24.    For example, in February 2024, Khan told other employees that Plaintiff had an attitude because she was Black.

25.    Khan would also regularly refer to black people generally as "aggressive," deeply hurting and offending Plaintiff.

26.    After weeks of enduring the hostile and unlawful conduct by Khan, in or about late March 2024, Plaintiff complained to Uzzman, the General Manager.

27. On March 22, 2024, Plaintiff also sent a text message to Uzzman detailing her complaint and how Khan consistently treated Plaintiff in a discriminatory manner.

28. Other employees at Applebee's had also complained about Khan's inappropriate comments and hostility towards African American employees of black color.

29. Some employees also complained that Uzzman did nothing about Khan's discriminatory behavior.

30. Indeed, despite Plaintiff's complaint, Khan continued her discriminatory and hostile treatment.

31. Khan thus singled Plaintiff out and concocted a contrived reason to have her terminated.

32. As a result, on March 22, 2024, Plaintiff escalated her complaint by asking Uzzman to meet to discuss her issues.

33. Uzzman quickly denied that there was any discrimination and placed the blame on Plaintiff.

34. However, all Plaintiff wanted was to work free from any discrimination and merely sought for something to be done about her complaint regarding Khan, who only continued her campaign of discrimination, emboldened by the lack of any action by Uzzman.

35. Rather than investigate Plaintiff's complaint, Applebee's decided to ignore Plaintiff by allowing Khan to discipline her in retaliation for her complaints.

36. Shortly after Plaintiff made her complaints, Khan escalated her hostility towards Plaintiff.

37. Only a few days following Plaintiff complaint of discrimination based on national origin, race, and color to Uzzman, Khan directly told Plaintiff in front of all the other employees that she will "make it worse" for anyone who wishes to send texts to Uzzman.

38. Further, on March 31, 2024, Uzzman falsely accused Plaintiff of adding a gratuity to a customer's bill which Plaintiff maintains as untrue because the receipt merely provided a suggested gratuity amount, and Plaintiff did not add any gratuity.

39. Plaintiff objected to this retaliatory conduct to a different manager, but that complaint fell on deaf ears.

40. Applebee's refused to intervene on Plaintiff's behalf, allowing the retaliatory action to stand.

41. Finally, after five (5) weeks of complaints by Plaintiff, Applebee's responded to them by summarily firing her.

42. Applebee's provided that the separation was due to the incident in which Plaintiff allegedly required a customer to leave a tip.

43. However, such action was clearly pretext for Plaintiff's earlier complaints of discrimination because the suggested gratuity on the receipt was automatically preprinted and Plaintiff never required any customer to leave a tip.

44. Uzzman was the individual who falsely reported that Plaintiff engaged in this alleged conduct.

45. Plaintiff's termination following her protected activity raises the ugly specter of a retaliatory discharge.

46. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and emotional distress damages in an amount to be determined at trial.

47.     Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

## AS A FIRST CAUSE OF ACTION FOR
## <u>DISCRIMINATION UNDER TITLE VII</u>

48.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

49.     Plaintiff is a member of a protected class on the basis of her national origin, race, and color.

50.     Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendants' legitimate business expectations.

51.     Defendants discriminated and retaliated against Plaintiff as described above, when Plaintiff, after having reported the discrimination and harassment in Defendants' workplace, was unlawfully terminated.

52.     There exists a causal connection based on temporal proximity alone by virtue of the brief time period between Plaintiff's complaint and her subsequent termination.

53.     Defendants' actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

54.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other damages, and lost wages.

## AS A SECOND CAUSE OF ACTION FOR
## RETALIATION UNDER TITLE VII

55.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

56.    Plaintiff engaged in protected activity under Title VII by complaining about and/or opposing conduct that Plaintiff reasonably believed constituted unlawful discrimination and/or harassment.

57.    Defendant was aware of Plaintiff's protected activity.

58.    Following Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment actions, including but not limited to termination.

59.    There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against Plaintiff.

60.    Defendant's actions were in retaliation for Plaintiff's opposition to unlawful employment practices and/or participation in protected activity under Title VII.

61.    As a direct and proximate result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYSHRL

55.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

56.    The New York State Executive Law § 296(1)(a) provides in pertinent part:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic

8

characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

57.    Defendants violated this section as set herein.

### AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE NYSHRL

58.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59.    New York State Executive Law § 296(7) provides that "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because such person has (i) opposed any practices forbidden under this article, […]."

60.    Defendants violated this section as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL

61.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62.    The New York City Administrative Code §8-107(1) provides: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, or immigration or citizenship status of any person: […] (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment."

63.    Defendants violated this section as set forth herein.

## AS AN FIFTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NYCHRL

64.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, […]."

66.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Declare that the practices complained of herein are unlawful under Title VII, the NYSHRL and the NYCHRL;

B.    Declare that the actions of the Defendants constituted unlawful discrimination and retaliation;

C.    Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

D.    Determine the damages sustained by Plaintiff as a result of Defendants' violations of Title VII, the NYSHRL and the NYCHRL and award those damages against

10

Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.  Award Plaintiff an additional equal amount as liquidated damages because Defendants violations were without a good faith basis;

F.  Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

G.  Grant Plaintiff such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted this 29th day of June 2026,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Efua Benn*

11