

Erik P. Pramschufer

Phone:  (212) 980-7216

Fax:  (212) 980-7291

erik.pramschufer@saul.com

www.saul.com

August 10, 2026

**VIA ECF**

Hon. Margaret M. Garnett, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square, Room 2102
New York, NY  10007

  RE: **Benn v. Applebees Grill & Bar, et al. (No. 1:26-cv-5481-MMG)**
    **Defendants' Motion For Interim Stay and Establishing Date to Move to**
    **Compel Arbitration**

Dear Judge Garnett:

  This law firm represents the Defendants in the above-referenced action. Defendants submit this letter motion requesting that the Court (1) enter an initial temporary stay of all deadlines, including Defendants' deadline to initially respond to Plaintiff's Complaint; and (2) set a deadline of **August 31, 2026** for Defendants to file a formal motion to stay this action *sine die* and compel arbitration pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. The bases for Defendants' requests are set out below.

### *Factual and Procedural Background*

  Plaintiff Efua Benn was an employee of Defendant Apple Food Services of New York LLC ("Apple Food"). Apple Good is an affiliated company of the Doherty Group, Inc. d/b/a Doherty Enterprises ("Doherty"). Apple Food operates the Applebee's Grill + Bar restaurant in New York City where Plaintiff worked. Doherty oversees various support functions for Apple Food and Doherty's other affiliates, including personnel, hiring, and human resources support. Individual Defendants Nadir Uzzman and Tahmeena Khan are employees of Apple Food, and were Plaintiff's managers/supervisors during Plaintiff's employment with Apple Food.

  As part of her initial hiring by Apple Food, Plaintiff submitted an electronic employment application following Doherty's standard application process. Doherty's employment application includes a Mandatory Arbitration Agreement. Plaintiff electronically executed the Arbitration Agreement on January 3, 2024, as part of her initial application for employment. After hiring, Plaintiff executed additional agreements and acknowledgements further confirming her obligation to exclusively arbitrate all employment-related claims against Doherty as well as Doherty's

1270 Avenue of the Americas, Suite 2800 ◆ New York, NY 10020 ◆ Phone: (212) 980-7200 ◆ Fax: (212) 980-7292

CALIFORNIA  DELAWARE  FLORIDA  GEORGIA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

Hon. Margaret M. Garnett, U.S.D.J.
*Benn v. Applebees Grill & Bar, et al.* (No. 1:26-cv-5481-MMG)
August 10, 2026
Page 2

"parents, subsidiaries, affiliates, owners, directors, officers, managers, employees [and] agents." By its explicit terms, Plaintiff's Arbitration Agreement covers all claims (and Defendants) at-issue in this action. Copies of Plaintiff's employment application and other relevant agreements and acknowledgments are enclosed as a consolidated **Exhibit A.[1]**

Despite agreeing to exclusively arbitrate, Plaintiff has now brought suit against Defendants for claims arising under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiff's claims exclusively concern allegations of racial and national origin discrimination, and retaliation, arising out of Plaintiff's employment with Apple Food. Plaintiff does not assert any claims that would be subject to exemption from mandatory arbitration found in the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. § 401, et seq., or other federal statutes.

Apple Food's current deadline to respond to the Complaint based upon service is today, August 10, 2026.[2] The undersigned has contacted Plaintiff's counsel on multiple occasions since early-July to seek Plaintiff's consent to dismiss or stay this action, and submit the claims to arbitration. More recently, believing Plaintiff will not consent to the ultimate relief of submitting arbitration, the undersigned requested Plaintiff's counsel's consent to extend all deadlines in order to allow Defendants to bring their motion to compel arbitration. Plaintiff has not responded to Defendants' requests.

### *The Action Should Be Temporarily Stayed Pending Resolution of Defendants' Formal Motion to Stay and Compel Arbitration*

Defendants request that the Court stay all deadlines in this action pending the outcome of Defendants' forthcoming formal motion to stay this action *sine die* and compel arbitration pursuant to Section 3 of the FAA.

Section 3 of the FAA mandates that courts stay an action covered by an agreement to arbitrate, once the court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3.  Beyond just the FAA, it is also axiomatic that federal courts have inherent authority to stay proceedings in the interests of "economy of time and effort for itself, for counsel, and for litigants." *Stechler v. Sidley, Austin Brown & Wood, L.L.P.*, 382 F. Supp. 2d 580, 592 (S.D.N.Y. 2005) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997)).

---

[1] Doherty's Arbitration Agreement has been routinely enforced by courts to the extent any plaintiffs attempt to challenge it. Although Doherty has not been required to seek judicial enforcement in New York state or federal court, Doherty's agreement was recently scrutinized in-depth and upheld by a panel of the Appellate Division of the Superior Court of New Jersey in *Cangiano v. Doherty Group, Inc.*, No. A-3082-19, 2022 WL 1052214 (N.J. App. Div. Apr. 8, 2022). Various other New Jersey courts have reached the same conclusion under analogous contract principles as the Court will ultimately apply here.

[2] Plaintiff served Apple Food on or about July 20, 2026. However, no return of service has yet been filed.

Hon. Margaret M. Garnett, U.S.D.J.
*Benn v. Applebees Grill & Bar, et al.* (No. 1:26-cv-5481-MMG)
August 10, 2026
Page 3

Here, Defendants have preliminarily shown by submission of the attached Arbitration Agreements (Ex. A), that Plaintiff's claims are subject to mandatory arbitration. Accordingly, it is appropriate for the Court to temporarily stay this action pursuant to 9 U.S.C. § 3, pending the resolution of a more formal motion, allowing Plaintiff to (possibly) oppose the request.

Granting Defendants' requested temporary stay will also preserve all relevant issues without definitively deciding, right now, the ultimate question of whether Plaintiff's claims are subject to mandatory arbitration until the parties brief the issue more completely. Additionally, it will serve the legitimate interests of (i) not requiring Defendants to arguably waive any right to compel arbitration by participating in this litigation, and (ii) providing Defendants the benefit of their bargain by avoiding unnecessary —and possibly duplicative— costs associated with federal court litigation when Defendants submit that this case must ultimately be decided by an arbitrator.

A temporary stay will not prejudice Plaintiff or unnecessarily delay the ultimate disposition of the claims. Indeed, in the intervening time between now and filing their formal motion, Defendants will continue to attempt to meet and confer with Plaintiff's counsel to find common ground and obviate the need for any party to expend effort and fees to bring/defend a formal motion. Should such an agreement be reached, the parties can submit an appropriate stipulation for the Court's review and consideration.

### *The Court Should Establish a Reasonable Deadline for Defendants' Motion, Allowing the Parties Additional Time to Meet and Confer*

At present, Defendants do not understand Plaintiff's position on whether she intends to oppose Defendants' forthcoming motion to compel arbitration. Accordingly, Defendants request that the Court set a deadline of **August 31, 2026** for Defendants to file their formal motion to stay this action *sine die* and compel arbitration pursuant to Section 3 of the FAA. This length of time will allow flexibility for counsel to meet and confer about these issues and possibly obviate the need for the parties, and the court, to expend effort on this matter. Should motion practice be required, the issues should be simple and there is no basis to believe that Defendants' forthcoming motion would need to deviate from the typical motion timing set out in Local Civil Rule 6.1(b).

Thank you in advance for your time and consideration of these requests.

Respectfully,

*/s/ Erik P. Pramschufer*

Erik P. Pramschufer

cc:    All counsel of record (via ECF)