**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EFUA BENN,<br><br>Plaintiff,<br><br>v.<br><br>APPLEBEE'S GRILL & BAR; APPLE FOOD SERVICES OF NEW YORK, LLC; NADIR UZZAMAN; and TEHMEENA KHAN<br><br>Defendants. | Case No. 1:26-cv-5481-MMG<br><br>**DECLARATION OF JESSICA A. GRAVES** |

I, JESSICA A. GRAVES, make this declaration in support of Defendants' Motion to Stay the Action and Compel Arbitration, and state as follows:

1. I am employed by The Doherty Group, Inc. d/b/a Doherty Enterprises ("Doherty") as its Risk Management Manager and have authority to make this declaration.

2. Doherty is the affiliated corporate parent of Apple Food Services of New York, LLC ("Apple Food"). Doherty is a management company that oversees various of its affiliated companies, including Apple Food, and provides administrative support to those companies, including as it relates to hiring, human resources, finances, and other "corporate" administrative matters.

3. Among my duties includes being a custodian of business records related to Doherty's operation of various restaurants, including the Broadway Applebee's located at 205 W. 50th Street, New York, NY 10019 (the "Restaurant"). Accordingly, I state the facts set forth herein based upon my review of various records at my disposal, rather than direct firsthand knowledge. I am familiar with the business and the types of documents and records that Doherty receives, creates, and relies on in the regular course of its business, including particularly employment-related documents for Doherty's employees.

4. Plaintiff Efua Benn was initially hired by Apple Food to work at the Restaurant in or about January 2024. Upon information and belief, for approximately two months prior to then, Plaintiff worked for a different entity from which Apple Food purchased the Restaurant around this same time.

5. When Apple Food purchased the Restaurant, Apple Food rehired certain former staff, including Plaintiff.

6. As part of her initial hiring by Apple Food, Plaintiff submitted an electronic employment application following Doherty's standard application process. Doherty's employment application includes a Mandatory Arbitration Agreement (the "Arbitration Agreement").

7. Plaintiff electronically executed the Arbitration Agreement on January 3, 2024, as part of her initial application for employment. A true and correct copy of the Arbitration Agreement that Plaintiff executed on January 3, 2024 is attached hereto as **Exhibit A**.

8. Two days later, on January 5, 2024, in furtherance of her application to work for Apple Food, Plaintiff executed an additional, but identical, Arbitration Agreement. A true and correct copy of that agreement is attached hereto as **Exhibit B**.

9. After her hiring, on January 11, 2024, Plaintiff reaffirmed her contractual agreement to exclusively arbitrate her employment-related disputes against Doherty, as well as Doherty's affiliates and employees. A true and correct copy of that acknowledgement is attached hereto as **Exhibit C**.

10. Defendant Nadir Uzzaman was, at all times relevant to Defendants' Motion, and currently is the Restaurant's general manager and an employee of Apple Food.

11. Defendant Tehmeena Khan was, at all times relevant to Defendants' Motion, and currently is a manager at the Restaurant and an employee of Apple Food.

Under penalties of perjury and pursuant to 28 U.S.C. § 1746, I declare that I have read the foregoing and that the facts stated in it are true to the best of my knowledge and belief.

Dated: 08/27/2026

Jessica A. Graves