**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EFUA BENN,<br><br>Plaintiff,<br><br>v.<br><br>APPLEBEE'S GRILL & BAR; APPLE FOOD SERVICES OF NEW YORK, LLC; NADIR UZZAMAN; and TEHMEENA KHAN,<br><br>Defendants. | Case No. 1:26-cv-5481-MMG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS APPLE FOOD SERVICES OF NEW YORK, LLC, NADIR UZZAMAN AND TEHMEENA KHAN'S MOTION TO STAY ACTION AND COMPEL ARBITRATION**

**SAUL EWING LLP**
*Attorneys for Defendants Apple Food Services of New York, LLC, Nadir Uzzaman and Tehmeena Khan*

By: */s/ Mark A. Nehme*
Erik P. Pramschufer
Mark A. Nehme
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
(212) 980-7200
erik.pramschufer@saul.com
mark.nehme@saul.com

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY ........ 1

BACKGROUND FACTS RELEVANT TO THIS MOTION ........ 1

ARGUMENT ........ 5

A. The Parties Entered Into an Enforceable Agreement to Arbitrate ........ 6

B. Plaintiff's Claims Fall Within the Scope of the Mandatory Arbitration Agreement ........ 8

C. Defendants Have Not Waived Their Right to Arbitrate. ........ 9

D. The Court Should Stay This Action Pending Arbitration. ........ 10

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) .....7

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) .....5, 6

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985) .....6

*Deng v. Frequency Electronics, Inc.*, 640 F. Supp. 3d 255 (E.D.N.Y. 2022) .....7

*Doyle v. UBS Fin. Servs., Inc.*, 144 F.4th 122 (2d Cir. 2025) .....10

*Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018) .....6

*Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144 (2d Cir. 2004) .....7

*Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522 (S.D.N.Y. 2015) .....8

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 (2019) .....9

*In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113 (2d Cir. 2011) .....6

*Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322 (S.D.N.Y. 2014) .....8

*Metzler v. Harris Corp.*, No. 00-cv-5847-HB, 2001 WL 194911 (S.D.N.Y. Feb. 26, 2001) .....8

*Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) .....10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) .....6, 8

*Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72 (2d Cir. 1998) .....8, 9

*Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115 (2d Cir. 2010) .....5, 9

*Smith v. Spizzirri*, 601 U.S. 472 (2024) .....10

*T.Co Metals, LLC. v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329 (2d Cir. 2010) .....7

**FEDERAL STATUTES**

9 U.S.C. § 2 .....6, 7

§ 3 of the Federal Arbitration Act, 9 U.S.C. § 3 ..... passim

Defendants Apple Food Services of New York, LLC (“**Apple Food**”), Nadir Uzzaman and Tehmeena Khan (Uzzaman and Khan together, the “**Individual Defendants**,” and with Apple Food, “**Defendants**”), submit this memorandum of law in support of their motion to stay this action and compel arbitration of all claims against them raised in Plaintiff Efua Benn’s (“**Plaintiff**”) Complaint (ECF No. 1), pursuant to Section 3 of the Federal Arbitration Act (“**FAA**”), 9 U.S.C. § 3, and as grounds therefore state as follows:

## PROCEDURAL HISTORY

This action involves a lawsuit filed by Plaintiff alleging racial and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (“**Title VII**”), the New York State Human Rights Law (“**NYSHRL**”), and the New York City Human Rights Law (“**NYCHRL**”). (*See generally* ECF No. 1). All of Plaintiff’s claims in this action concern or relate to her employment by Apple Food—inasmuch that Plaintiff alleges she was subject to discrimination in the terms and conditions of her employment, and thereafter retaliatorily discharged.

## BACKGROUND FACTS RELEVANT TO THIS MOTION

Apple Food was Plaintiff’s former employer, and is a legal entity that operates the Applebee’s franchise restaurant located at 205 W. 50th Street, New York, NY 10019 (the “**Restaurant**”). (*See* Declaration of Jessica Graves, (“**Graves Decl.**”), ¶¶ 4-5). When Doherty purchased the Restaurant in January 2024, Apple Food re-hired certain former staff of the unrelated predecessor, including Plaintiff. (*Id.* at ¶ 6). Upon information and belief, for approximately two

months prior to then, Plaintiff worked for a different entity from which Doherty purchased the Restaurant. (*Id.* at ¶ 4).

As part of her initial hiring by Apple Food, Plaintiff submitted an electronic employment application following Doherty's standard application process. (*Id.* at ¶ 6). Doherty's employment application includes a Mandatory Arbitration Agreement (the "**Arbitration Agreement**"), which states, in relevant part, as follows:

> I acknowledge that Doherty Enterprises utilizes a system of dispute resolution which involves binding arbitration to resolve any dispute, controversy, or claim arising out of, relating to or in connection with my employment with Doherty Enterprises. ***As a condition of employment at Doherty Enterprises or any of its related companies***, I agree to the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both Doherty Enterprises and myself.
>
> ***I and Doherty Enterprises both agree that any claim, dispute, and/or controversy (including but not limited to any claims of employment discrimination, harassment, and/or retaliation under Title VII of the Civil Rights Act of 1964,*** the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, ***and any other applicable federal, state, or local statute, regulation or common law doctrine***) which would otherwise require or allow resort to any court between myself and Doherty Enterprises (and/or its parents, subsidiaries, ***affiliates***, owners, directors, officers, ***managers, employees,*** agents, and parties affiliated with its employee benefit and health plans) ***arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, ending of my employment with***, or other association with Doherty Enterprises, whether based in tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined exclusively by binding arbitration.
>
> . . . .
>
> ***I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act.*** Any arbitration under this Agreement will be held in accordance with the American Arbitration Association's then-current Employment Arbitration Rules. The arbitrator, and only the arbitrator, will decide any and all disputes regarding whether a claim is arbitrable. In the event the arbitrator decides that any given matter is not arbitrable, the matter will be decided by a court of competent jurisdiction. Judgment upon award rendered by the arbitrator will be final and binding upon both parties and may be entered and enforced in any court of

> competent jurisdiction. I understand that I can pursue all of my substantive rights and remedies in arbitration, including attorneys' fee awards.
>
> . . . .
>
> I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND DOHERTY ENTERPRISES WAIVE OUR RIGHT TO TRIAL BY JURY. I FURTHER UNDERSTAND THAT THIS BINDING ARBITRATION AGREEMENT IS A CONTRACT FOR PURPOSES OF EMPLOYMENT DISPUTE RESOLUTION ONLY. THIS AGREEMENT DOES NOT CHANGE THE AT-WILL NATURE OF MY EMPLOYMENT AND DOES NOT CONSTITUTE A CONTRACT OF EMPLOYMENT IN ANY RESPECT.

(Graves Decl., Ex. A).[1] Plaintiff electronically executed the Arbitration Agreement on January 3, 2024, as part of her initial application for employment. (Graves Decl., ¶ 7 & Ex. A). Two days later, in furtherance of her application to work for Apple Food, Plaintiff executed an additional, but identical, Arbitration Agreement. (*Id.* at ¶ 7 & Ex. B). After her hiring, on January 11, 2024, Plaintiff reaffirmed her contractual agreement to arbitrate her employment disputes. (*Id.* at ¶ 8 & Ex. C). In summary, Plaintiff acknowledged her obligation to arbitrate the types of employment-related claims raised in this action on at least ***three*** separate occasions: once on January 3, 2024; once on January 5, 2024; and once on January 11, 2024. (*Id.* ¶ 11, Exs. A–C).

Plaintiff's Complaint brings six causes of action, three for discrimination under Title VII, the NYSHRL, and the NYCHRL, and three for retaliation under Title VII, the NYSHRL, and the NYCHRL. The Arbitration Agreement specifically subjects to arbitration claims for discrimination and retaliation under Title VII, as well as other applicable state (NYSHRL) or local (NYCHRL) statutes. (*Compare* ECF No. 1, *with* Graves Decl., Exs. A–C).

---

[1] Doherty is a management company that oversees various of its affiliated companies, including Apple Food, and provides administrative support including as it relates to hiring, human resources, finances and other "corporate" administrative matters. (*Id.* at ¶ 2).

The Arbitration Agreement also specifically subjects to arbitration claims between Plaintiff and affiliates of Doherty, as a condition of employment at Doherty or any of its related companies. (Graves Decl., Exs. A–C). This directly covers all claims against Apple Food, which was Plaintiff's direct employer and a corporate affiliate of Doherty. (*Id.* at ¶¶ 2, 4).

Uzzaman was, at all relevant times, the general manager of the Restaurant and an employee of Apple Food. (Graves Decl., ¶ 10). Khan was, at all relevant times, another manager of the Restaurant and an employee of Apple Food. (Graves Decl., ¶ 11). The Arbitration Agreement specifically subjects to arbitration claims between Plaintiff and other employees of Doherty/Apple Food, which necessarily includes Khan and Uzzaman.

Attorneys from the undersigned law firm e-mailed Plaintiff's counsel and requested that this action be voluntarily dismissed without prejudice to refiling Plaintiff's claims in arbitration, or, alternatively, that the action be stayed pending the arbitration of the dispute. (Declaration of Attorney Mark A. Nehme, ("**Nehme Decl.**"), ¶ 3). On July 7, 2026, Plaintiff's counsel indicated he would meet with his client to determine whether she would agree to arbitrate and revert back. (Nehme Decl., ¶ 4). However, Plaintiff's counsel did not then provide further response, prompting multiple attempts to follow-up with him. Specifically, Defendants' counsel followed up with Plaintiff on August 4, August 6, August 10, and August 24, either through e-mail or telephone, and never received a response. (Nehme Decl., ¶ 5). On August 30, 2026, at 11:47 p.m., Plaintiff's counsel responded via e-mail and stated in relevant part that:

> Second, I met with my client to review the arbitration agreements. Do you have an audit trail establishing when these were created, viewed, and/or signed, with IP addresses and any other identifying information? This information will help in determining whether my client will agree to arbitrate.

(Nehme Decl., ¶ 6). Thus, at present, Plaintiff's position on the arbitrability of her claims has yet to be determined.

At bottom, despite having entered into a valid and binding Arbitration Agreement requiring her to arbitrate all employment-related claims against Defendants, Plaintiff may attempt to litigate before this Court the very claims that she agreed to arbitrate. Accordingly, Defendants seek an order pursuant to Section 3 of the FAA, 9 U.S.C. § 3, staying this action in its entirety, and compelling Plaintiff to submit her claims to arbitration before the American Arbitration Association, as stipulated in her Arbitration Agreement.

## **ARGUMENT**

Courts universally recognize the strong federal policy favoring arbitration and have long held that employment discrimination claims are subject to arbitration. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001); *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). Plaintiff executed two separate but identical arbitration agreements at the time of her initial application, (Graves Decl., Exs. A, B), and another acknowledgement thereafter (*Id.* at Ex. C). For simplicity, this Motion relies principally upon the first-executed agreement, dated January 3, 2024, which is attached to the Graves Declaration as Exhibit A. But for the avoidance of doubt, the same relief is independently warranted under the other identical agreement that Plaintiff executed.

The contractual language contained in Plaintiff's Arbitration Agreement encompasses and requires arbitration of all disputes arising out of her employment relationship with Apple Food and as to all Apple Food employees. Accordingly, the Arbitration Agreement should be enforced as to the Defendants, and Plaintiff should be compelled to submit her claims to arbitration.

Pursuant to the FAA, Plaintiff is required to arbitrate her claims against Defendants. The FAA, which applies to written arbitration provisions contained in any contract evidencing commerce and which the Arbitration Agreement specifically acknowledges as controlling,

establishes a liberal national policy favoring arbitration which is binding on all federal courts. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (internal quotations omitted); 9 U.S.C. § 2. Consistent with that policy, the FAA requires courts to "rigorously … enforce arbitration agreements according to their terms," *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018) (quotation omitted), and, once a valid agreement covers the dispute, "leaves no place for the exercise of discretion by a district court," which instead "***shall*** direct the parties to proceed to arbitration." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The FAA extends to agreements to arbitrate employment-related claims. *Circuit City*, 532 U.S. at 123 ("The Court has been quite specific in holding that arbitration agreements can be enforced ...without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law. . . .").

In determining whether the parties have submitted their dispute to arbitration, courts in the Second Circuit generally follow a two-part test, whereby they consider "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). On such a motion, the moving party need only make a prima facie showing that an agreement to arbitrate exists, after which the burden shifts to the party opposing arbitration to show that the agreement is inapplicable or invalid. *Deng v. Frequency Electronics, Inc.*, 640 F. Supp. 3d 255, 259 (E.D.N.Y. 2022) (citing *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010); *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010)). The Arbitration Agreement at issue here satisfies each of these inquiries.

**A. The Parties Entered Into an Enforceable Agreement to Arbitrate**

There can be no legitimate dispute regarding the existence of an agreement to arbitrate here. Specifically, Section 2 of the FAA provides that a written arbitration provision in any contract

is valid and enforceable, except "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The U.S. Supreme Court has interpreted that provision as reflecting the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). Accordingly, whether or not the parties entered into an enforceable agreement to arbitrate is governed by general contract principles. To determine whether a party has agreed to submit certain issues to arbitration, courts "should apply ordinary state-law principles that govern the formation of contracts." *T.Co Metals, LLC. v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 344 (2d Cir. 2010) (quotation omitted).

Here, the Arbitration Agreement explicitly states that Plaintiff understands that the agreement is a waiver of her right to pursue claims arising during the course of her employment in court, and that she is waiving her right to a jury trial. Each time Plaintiff signed the Arbitration Agreement, she was presumed to have read the document she signed, and to know and understand the contents, terms and conditions of same. *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (recognizing under New York law that a person "who signs or accepts a written contract … is conclusively presumed to know its contents and to assent to them") (quotation omitted). In light of the clear and unambiguous language of the Arbitration Agreement, the parties have clearly and unequivocally mutually assented to arbitration as the exclusive forum to raise the claims asserted in the Complaint, and Plaintiff has clearly and unmistakably waived her right to commence litigation outside of arbitration.

Moreover, there is more than sufficient consideration supporting the Arbitration Agreement. As a preliminary matter, a mutual agreement to arbitrate is itself consideration. *See Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 337 (S.D.N.Y. 2014). Even if it were not, Apple Food hired Plaintiff following its acquisition of the Restaurant, and initial employment is also

sufficient consideration supporting the Arbitration Agreement. *See Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 528 (S.D.N.Y. 2015). And even if Plaintiff's employment was argued to be continuing (rather than new initial hiring), continued employment is ***also*** sufficient consideration supporting the Arbitration Agreement. *See Metzler v. Harris Corp.*, No. 00-cv-5847-HB, 2001 WL 194911, at *5 (S.D.N.Y. Feb. 26, 2001) (". . . it is now the law in New York that a court will compel arbitration even where an at-will employee was given no additional consideration for the insertion of an arbitration clause in his contract.").

Accordingly, the Arbitration Agreement is supported by adequate consideration and is indisputably a product of mutual assent. It should be enforced.

**B. Plaintiff's Claims Fall Within the Scope of the Mandatory Arbitration Agreement.**

The Arbitration Agreement is a "prototypical broad" arbitration clause, which creates a presumption of arbitrability that can be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that it covers the asserted dispute." *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998) (quotations and emphasis omitted). Any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24–25. In assessing scope, the Court looks to the factual allegations of the Complaint rather than the legal labels attached to the claims. *Oldroyd*, 134 F.3d at 76–77.

Plaintiff's claims fall squarely within that broad language. Employment discrimination and retaliation claims under Title VII, the NYSHRL, and the NYCHRL are routinely held subject to mandatory arbitration. *See, e.g. Ragone*, 595 F.3d at 121. Indeed, because the Arbitration Agreement expressly names claims of "employment discrimination, harassment, and/or retaliation

under Title VII . . . and any other applicable federal, state, or local statute," (*see* Graves Decl., Ex. A), it is "self-evident" that Plaintiff's claims are covered. *Ragone*, 595 F. 3d at 121.

Plaintiff's claims against the Individual Defendants are equally arbitrable. The Arbitration Agreement expressly extends to claims against Doherty's "officers, managers, employees, [and] agents." (Graves Decl., Ex. A.) Uzzaman and Khan were, at all relevant times, managers and employees of Apple Food, and Plaintiff's claims against them arise from the same alleged conduct in the terms and conditions of her employment. As agents of the signatory employer whose conduct is intertwined with the claims against Apple Food, the Individual Defendants may compel arbitration, and Plaintiff is estopped from avoiding it. *See Ragone*, 595 F.3d at 126–28 (compelling arbitration of Title VII, NYSHRL, and NYCHRL claims against a non-signatory whose personnel were involved in the alleged conduct).

In any event, the parties expressly delegated any dispute over arbitrability to the arbitrator. The Arbitration Agreement provides that "[t]he arbitrator, and only the arbitrator, will decide any and all disputes regarding whether a claim is arbitrable." (Graves Decl., Ex. A). That language is "clear and unmistakable" evidence of an agreement to arbitrate arbitrability, and once a valid agreement delegates the arbitrability question, "a court may not decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). Accordingly, to the extent Plaintiff contends that any of her claims fall outside the Arbitration Agreement, that contention is itself for an arbitrator to resolve.

**C. Defendants Have Not Waived Their Right to Arbitrate.**

Defendants have not waived their right to compel arbitration. Following *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), a showing of prejudice is no longer required; the sole question is whether a party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right[.]" *Doyle v. UBS Fin. Servs., Inc.*, 144 F.4th 122, 133 (2d Cir. 2025). As the Second

Circuit has explained, "[a]rbitration is not a fallback position" —a party holding a right to arbitrate "faces a binary choice: litigation or arbitration," and "cannot have it both ways." *Id.* at 131 (quotations omitted).

Here, Defendants have taken no step inconsistent with their right to arbitrate. They have not answered the Complaint, moved to dismiss, sought discovery, or otherwise invoked this Court's authority to resolve the merits of Plaintiff's claims. To the contrary, their only actions since Plaintiff filed suit have been to request that Plaintiff honor her agreement and submit this dispute to arbitration. (*See generally* Nehme Decl.). That conduct is the opposite of the affirmative, merits-directed litigation that supports a finding of waiver.

**D. The Court Should Stay This Action Pending Arbitration.**

Because Plaintiff's claims are arbitrable, Section 3 of the FAA requires that this action be stayed pending arbitration. The Supreme Court has confirmed that where a party requests a stay, Section 3's command that the court "shall . . . stay" the action "creates an obligation impervious to judicial discretion," and the court "does not have discretion to dismiss the suit." *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024). Defendants request a stay, which preserves the parties' ability to return to this Court should any issue remain after arbitration is complete. *Id.* at 477. Accordingly, this action should be stayed in its entirety pending arbitration.

## CONCLUSION

For the reasons articulated above, Defendants respectfully request that this Court grant their motion and stay this action in its entirety; compel arbitration of all claims raised in Plaintiff Efua Benn's Complaint (ECF No. 1) pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and provide any such other and further relief as may be just, proper and equitable.

Dated: August 31, 2026

Respectfully submitted,

SAUL EWING LLP
*Attorneys for Defendants Apple Food Services of New York, LLC, Nadir Uzzaman and Tehmeena Khan*

By: *<u>/s/ Mark A. Nehme</u>*
Erik P. Pramschufer
Mark A. Nehme
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
(212) 980-7200
erik.pramschufer@saul.com
mark.nehme@saul.com

**CERTIFICATION OF COMPLIANCE**

Pursuant to Local Civil Rule 11.1, I, Mark A. Nehme, hereby certify that this Memorandum of Law complies with the formatting rules, and the total number of words in this Memorandum of Law, excluding the caption, certification of compliance, table of contents, and table of authorities, is 3,195.

This the 31st day of August, 2026.

*/s/ Mark A. Nehme*
Mark A. Nehme

**CERTIFICATE OF SERVICE**

I, Mark A. Nehme, hereby certify that on August 31, 2026, the foregoing Memorandum of Law in Support of Defendants Apple Food Services of New York, LLC, Nadir Uzzaman and Tehmeena Khan's Motion to Compel Arbitration and Stay Action, was served on all counsel of record via CM/ECF.

*/s/ Mark A. Nehme*
Mark A. Nehme