**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EFUA BENN,<br><br>Plaintiff,<br><br>v.<br><br>APPLEBEE'S GRILL & BAR; APPLE FOOD SERVICES OF NEW YORK, LLC; NADIR UZZAMAN; and TEHMEENA KHAN<br><br>Defendants. | Case No. 1:26-cv-5481-MMG<br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION AND COMPEL ARBITRATION** |

Defendants[1] respectfully submit this reply in further support of their motion to stay this action and compel arbitration pursuant to Section 3 of the FAA (ECF No. 16).

**REBUTTAL ARGUMENT**

Nowhere in Plaintiff's opposition memorandum (ECF No. 20) or declaration (ECF No. 21) does Plaintiff expressly declare that she did not sign the Arbitration Agreements at-issue. Instead, Plaintiff's opposition attempts to give an academic crash course on proving assent through electronic signatures and posits that discovery is necessary in order to effectively bolster that which Defendants have already proven through competent evidence. But further evidence or discovery would only matter if Plaintiff credibly disputed she signed those Agreements in the first place. Again, Plaintiff has not done so.

Plaintiff merely avers that she cannot find a copy of the Arbitration Agreements in her records and cannot recall signing. (*See generally* ECF No. 21). This falls woefully short of the full-throated denial required by Plaintiff's own cited case —which Defendants agree controls this

[1] Defined terms from Defendants' opening memorandum of law (ECF No. 19) are incorporated by reference.

issue— *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45 (2d Cir. 2022).[2] Indeed, as the Second Circuit there observed, "[w]here a party merely states that she cannot ***recall*** signing an agreement (as opposed to ***denying*** she has done so), such a declaration ordinarily fails to create a triable issue of fact." *Id.* at 51 (emphasis in original).

In *Barrows*, the Second Circuit vacated a district court's order granting an employer's motion to compel arbitration because the district court incorrectly required the employee to provide additional proof to substantiate the factual assertions in her affidavit where she denied signing the arbitration agreements at-issue. *Id.* at 50. The Second Circuit acknowledged that an affidavit may not always be sufficient to raise a genuine issue of material fact, including when it is based on a failed recollection, is speculative, or is "blatantly contradicted by the record." *Id.* at 51. But in that case the court credited the employee's specific, exacting, and categorical denials, including that she never completed any electronic paperwork; never received or signed any arbitration documents; or, during the relevant period, never owned or even lived in a home with any computer whatsoever. *Id.* The facts articulating the sworn denial in *Barrows* were specific and amounted to an unequivocal denial of the fact she personally signed the arbitration agreements —which are categorically inapposite to Plaintiff's assertions of failed recollection raised in this case.[3]

---

[2] *Barrows* also sets forth the burden-shifting framework for the present motion: A movant initially must demonstrate that an arbitration agreement was made; and then the nonmovant must then offer evidence substantiating the asserted absence of agreement. *Id.* at 50-51. Plaintiff agrees that this framework applies and admits Defendants met their initial burden by producing the Arbitration Agreements. (ECF No. 20, pp. 5-6). Plaintiff further agrees that the Arbitration Agreements are enforceable as to the signor. (*Id.* at p. 13) ("If Defendants prove that Benn received the displayed terms and affirmatively accepted them, the objective manifestation of assent can be binding without proof that she read every word."). The only issue, therefore, is whether Plaintiff has presented enough evidence to raise a genuine issue of material fact as to whether she actually signed these Arbitration Agreements. She has not.

[3] On this point, Plaintiff's citations to several authorities are inapposite or actually undermine her theory and support Defendants. For example, in *Sanchez v. NYC Medical Practice, P.C.*, 241 A.D.3d 1215 (1st Dep't 2025), the state court appellate division found in favor of an employer and

Here, the only affirmative factual assertion Plaintiff makes in her declaration (ECF. No. 21) actually supports the fact she signed at least one of the Arbitration Agreements. Specifically, Plaintiff declares:

> I found a January 4, 2024 email from Jim Reilly providing me with a link called Click to Complete after explaining that Doherty need[s] some more information and to click on the link below and answer the question to complete your information.

(ECF No. 21, ¶ 6).

Plaintiff claims she is presently unable to access the link embedded in the email, but the timing of the email (January 4, 2024) and its request to complete a Doherty-related application process, evidences that it was Plaintiff who electronically executed the Arbitration Agreement on January 3, 2025 and provided Doherty her personal email as part of that process. (*Compare* ECF No. 21, ¶ 6, *with* ECF No. 18, ¶ 7).

Indeed, the January 4, 2024 email described in Plaintiff's declaration is identical to the Conviction Question email, which Doherty's documentation (Supp. Decl. of Jessica Graves ("**Graves Supp. Decl.**") Ex. A) explains is only sent to the email address associated with an individual who has already submitted an electronic application for employment to Doherty. (Graves Supp. Decl. ¶¶ 13-15). And submitting an electronic application to Doherty can only occur upon the execution of the Arbitration Agreement. (*Id.* at ¶¶ 14-15).

The remainder of Plaintiff's declaration (ECF No. 21) does not help her cause. Plaintiff does not otherwise deny she participated in Doherty's onboarding process (in fact, she received

---

compelled arbitration because the employer met its prima facie burden to show assent to arbitrate based upon the employer's business records, and held that the plaintiff's averment that she could not recall signing the agreement failed to competently rebut that presentation. *Id.* at 1215–16. Here, Plaintiff concedes Defendants have met their prima facie burden to show Plaintiff's assent to arbitration. By the rule stated in the very case Plaintiff cites, her equivocal denial of recollection is insufficient to avoid arbitration.

electronic mail effectuating that process); Plaintiff does not deny owning a computer (she has a personal email account and Doherty had that email and used it to communicate with Plaintiff during her onboarding); and, most importantly, Plaintiff —to her credit— cannot bring herself to categorically deny signing the Arbitration Agreements. In summary, Plaintiff's declaration does not raise a genuine issue of material fact as to whether Plaintiff executed the Arbitration Agreements.

Nevertheless, Defendants further bolster their prima facie showing of assent through Ms. Grave's Supplementary Declaration. As explained above and in Graves Supp. Decl. ¶¶ 10-15, Plaintiff's receipt of the Conviction Question to her personal email address actually evidences that Plaintiff created a profile using her personal email address and a password, which she then used to complete her initial application and personally execute the January 3, 2024 Arbitration Agreement. There are no facts in the record suggesting any different outcome.

Plaintiff's January 11, 2024 acknowledgement reaffirming her contractual agreement to exclusively arbitrate her employment-related disputes against Doherty, i.e. the "Mandatory Arbitration Agreement 12.2019," is similarly supported and bolsters the fact Plaintiff unambiguously agreed to bring all employment-related suits exclusively in arbitration. Both the "Mandatory Arbitration Agreement 12.2019" and the Ulti document acknowledgement transcript (Graves Supp. Decl, Ex. C) electronically time-stamped Plaintiff's acceptance of the "Mandatory Arbitration Agreement 12.2019," at "01/11/2024" on "4:09 PM." Defendants have since produced both the agenda (Graves Supp. Decl, Ex. B) and sign-in sheet (Graves Supp. Decl, Ex. D) for the in-person orientation Plaintiff attended on that date. The sign-in sheet shows that Plaintiff hand-signed into her orientation on January 11, 2024 at 3:07 p.m. and signed out at 5:50 p.m. —meaning she was present, in-person, at her Doherty orientation during the same two-hour span when she

executed the January 11, 2024 acknowledgement. (Graves Supp. Decl, Ex. D). In fact, Plaintiff was on-the-clock and was paid for her time. Graves Supp. Decl. ¶ 20. Moreover, Doherty specifically blocked time during the orientation program to allow employees such as Plaintiff to review and acknowledge required employment-related documents, including the "Mandatory Arbitration Agreement 12.2019."

Again, Plaintiff has offered no legitimate evidence to cast doubt on the veracity of her electronic signatures. Plaintiff cannot even bring herself to straightforwardly deny that she signed the Arbitration Agreements. Accordingly, there is no genuine dispute of material fact and Defendants' motion should be granted.

## CONCLUSION

Plaintiff's academic survey on proving assent through electronic records rests on a faulty premise —namely, that it is Defendants' burden to submit certain specific pieces of evidence, including specific metadata, to prove beyond a shadow of a doubt that Plaintiff in fact was the individual who signed her Arbitration Agreements. But that is not the law. Instead, as acknowledged by *Barrows*, *supra*, Defendants must only demonstrate prima facie that Plaintiff assented to submit her claims arbitration. Defendants have far surpassed that hurdle, which Plaintiff's opposition (ECF No. 20) concedes.

Thus, it is incumbent upon Plaintiff to submit competent evidence —which could conceivably be through an affidavit/declaration— creating a dispute of fact as to her agreement to arbitrate. To attempt to meet this burden, Plaintiff's opposition rests solely upon speculation and vague averments about not being able to recall signing —likely knowing she cannot attest under penalty of perjury she never signed the Agreements. Plaintiff's showing is not enough to create a

dispute of material fact, and as a result does not provide a basis to deny Defendants' well-supported motion.

Accordingly, for the reasons articulated above, and in their opening memorandum (ECF No. 19), Defendants respectfully request that this Court grant their motion and stay this action in its entirety, compel arbitration of all claims raised in Plaintiff's Complaint (ECF No. 1) pursuant to Section 3 of the FAA, and provide any such other and further relief as may be just, proper and equitable.

Dated: September 21, 2026

Respectfully submitted,

SAUL EWING LLP
*Attorneys for Defendants Apple Food Services of New York, LLC, Nadir Uzzaman and Tehmeena Khan*

By: */s/ Mark A. Nehme*
Erik P. Pramschufer
Mark A. Nehme
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
(212) 980-7200
erik.pramschufer@saul.com
mark.nehme@saul.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 11.1, I, Mark A. Nehme, hereby certify that this Rebuttal complies with the formatting rules, and the total number of words is 1,691.

Dated: September 21, 2026

Respectfully submitted,

By: */s/ Mark A. Nehme*
Mark A. Nehme