**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EFUA BENN,<br><br>Plaintiff,<br><br>v.<br><br>APPLEBEE'S GRILL & BAR; APPLE FOOD SERVICES OF NEW YORK, LLC; NADIR UZZAMAN; and TEHMEENA KHAN<br><br>Defendants. | Case No. 1:26-cv-5481-MMG<br><br>**SUPPLEMENTAL DECLARATION OF JESSICA GRAVES** |

I, JESSICA GRAVES, make this supplemental declaration in further support of Defendants' Motion to Stay the Action and Compel Arbitration, and state as follows:

1. I am employed by The Doherty Group, Inc. d/b/a Doherty Enterprises ("Doherty") as its Risk Management Manager and have authority to make this declaration.

2. Doherty is the affiliated corporate parent of Apple Food Services of New York, LLC ("Apple Food"). Doherty is a management company that oversees various of its affiliated companies, including Apple Food, and provides administrative support to those companies, including as it relates to hiring, human resources, finances, and other "corporate" administrative matters.

3. Among my duties includes being a custodian of business records related to Doherty's operation of various restaurants, including the Broadway Applebee's located at 205 W. 50th Street, New York, NY 10019 (the "Restaurant"). Accordingly, I state the facts set forth herein based upon my review of various records at my disposal, rather than direct firsthand knowledge. I am familiar with the business and the types of documents and records that Doherty receives, creates, and relies on in the regular course of its business, including particularly employment-related documents for Doherty's employees.

4. Plaintiff Efua Benn was initially hired by Apple Food to work at the Restaurant in or about January 2024. Upon information and belief, for approximately two months prior to then, Plaintiff worked for a different entity from which Apple Food purchased the Restaurant around this same time.

5. When Apple Food purchased the Restaurant, Apple Food rehired certain former staff, including Plaintiff.

6. At a certain point in time, Doherty transitioned its application process and other personnel document management to an electronic human resources information system (often colloquially referred to in industry as an "HRIS"). Since at least 2015, Doherty has utilized an HRIS platform called UltiPro, which is a popular and reputable program utilized by hundreds of other employers in the United States.

7. Each Doherty employee, including those rehired after Apple Food purchased the Restaurant, is required to create a unique UltiPro profile, which allows them to access various documents, including paystubs, tax forms, company policies and other important documents. Periodically, when a new statutory notice is required to be published, or Doherty requires employees to acknowledge or agree to a new mandatory agreement, Doherty will send documents to employees, which they are required to digitally acknowledge via their personal UltiPro profile, either at home or on a computer or tablet at the Restaurant.

8. Plaintiff has an UltiPro profile, and it is from this profile that her various arbitration agreements (ECF 18-1 to 18-3) were pulled.

9. As part of her initial hiring by Apple Food, Plaintiff submitted an electronic employment application following Doherty's standard application process. Doherty's employment application includes a Mandatory Arbitration Agreement (the "Arbitration Agreement").

10. Plaintiff electronically executed the Arbitration Agreement on January 3, 2024, as part of her initial application for employment, a true and correct copy of which was attached as Exhibit A to my initial Declaration (ECF 18-1).

11. Attached as **Exhibit A** is a true and correct copy of Doherty's new hire onboarding guide as of December 23, 2023. Per the onboarding guide, a Doherty applicant completes the initial application by creating a profile using their personal unique email address and password.

12. As referenced in the onboarding guide, execution of the Arbitration Agreement was necessary to complete online application. In fact, an application submittal will not appear in the system unless the arbitration agreement has been signed on the application.

13. In addition, I note that Plaintiff's declaration referenced a January 4, 2024 email with a link called Click to Complete and explaining that Doherty "need[s] some more information" and to "click on the link below and answer the question to complete your information." That is the Conviction Question email, which is described further in Doherty's new hire onboarding guide.

14. The Conviction Question email would only be sent to an applicant once their application was submitted, which, as previously stated, would only occur upon the execution of the Arbitration Agreement. Moreover, the Conviction Question would only be sent to individuals who provided their email address as part of the application process, and would be sent to the email address they provided. Meaning, if Plaintiff received the Conviction Question email, Plaintiff must have completed the application and provided her email address as part of that application process.

15. To reiterate, the Conviction Question could not have been sent to Plaintiff's personal email address unless Plaintiff had signed the January 3, 2024 Arbitration Agreement through an online profile accessible only using Plaintiff's personal unique email address and password.

16. Two days later, on January 5, 2024, in furtherance of her application to work for Apple Food, Plaintiff executed an additional, but identical, Arbitration Agreement, a true and correct copy of which was attached as Exhibit B to my initial Declaration (ECF 18-2).

17. Because Doherty had recently purchased the Restaurant and rehired several employees, Doherty held an orientation and information session for rehired employees to discuss the transition to Doherty, which took place on January 11, 2024. During the meeting, employees were required to complete their onboarding with Doherty by individually reviewing and assenting to several documents via UltiPro on a laptop placed in front of them. One of those documents was the document titled "Mandatory Arbitration Agreement 12.2019," which was attached as Exhibit C to my initial Declaration (ECF 18-3). Attached as **Exhibit B** is a true and correct copy of the onboarding agenda connected to the Apple Food acquisition. In relevant part, the agenda devotes twenty minutes to "Document Acknowledgement, Policy Sign Off and WOW! A Friend," which includes:

- Demonstration of Logging in for the 1st Time and creating a password
- All Docs acknowledged and WOW! A Friend completed

18. Attached as **Exhibit C** is an UltiPro document acknowledgment transcript that was located within Plaintiff's standing employee file and is dated September 13, 2024. The transcript list several document acknowledgements accepted by Plaintiff, and at least one document acknowledgment – dated after the termination of her employment – not accepted by Plaintiff. "Mandatory Arbitration Agreement 12.2019" is listed as one of the documents acknowledged by Plaintiff and the date provided is 01/11/2024, at 4:09 p.m.

19. Doherty's records indicate that Plaintiff attended the orientation session at the Restaurant on January 11, 2024. Attached as **Exhibit D** is the Restaurant's January 11, 2024

orientation sign-in sheet, which shows that Benn physically signed into the orientation at 3:07 p.m. and signed out at 5:50 p.m.

20. I have also reviewed the payroll reconciliation sheet for the January 11, 2024 orientation, which shows that Plaintiff attended the orientation from 3:07 p.m. to 5:50 p.m. and was paid accordingly, for 2.72 hours' worth of her time.

21. Plaintiff would not have been allowed to continue working for Doherty if she had not agreed to the "Mandatory Arbitration Agreement 12.2019" arbitration agreement during her orientation.

22. The attached business records were kept in the course of Doherty's regularly conducted business activity.

23. It is the regular business practice of Doherty to record such matters.

Under penalties of perjury and pursuant to 28 U.S.C. § 1746, I declare that I have read the foregoing and that the facts stated in it are true to the best of my knowledge and belief.

Dated: 09/21/2026

Jessica Graves